UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

**MUHAMADOU CEESAY**,

    Plaintiff,

- against-

**B. SIMKOWITZ, I. SIMKOWITZ, GARY KAVULICH,** Esq., **GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., JOHN** or **JANE DOE** as Trustee of the Simkowitz Trust B, **RONALD MOSES**, New York City Marshall, and **JOHN** or **JANE DOE**s II through X,

    Defendants.

-----------------------------------------------------------X

ECF Case

Case No. 07CV11159

**COMPLAINT**

**JURY TRIAL DEMANDED**

Judge Robert W. Sweet

Magistrate Judge Frank Maas

## INTRODUCTION

1. This is an action for actual and statutory damages as well as declaratory judgment brought by Plaintiff MUHAMADOU CEESAY, an individual consumer, against Defendants B. SIMKOWITZ, I. SIMKOWITZ, I. B. SIMKOWITZ, GARY KAVULICH, Esq., GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., JOHN or JANE DOE as Trustee of the Simkowitz Trust B, RONALD MOSES, New York City Marshall, and JOHN or JANE DOEs II through X, for violations of the Fair Debt Collection Practices Act, 15 US.C. §§1692, *et seq*. (FDCPA), New York General Business Law §349, intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, and negligence.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and

1

1337, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 US.C. §§2201 and 2202.

3. Venue in this District is proper, pursuant to 28 U.S.C. §1391 (b) and §1391(c), because a substantial part of the events giving rise to the claim occurred in this District, and Defendants transact business here.

## PARTIES

4. Plaintiff, MUHAMADOU CEESAY, is a natural person, who resides at 2954 Valentine Avenue, # C6, Bronx, NY 10458.

5. Plaintiff, MUHAMADOU CEESAY, is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3), in that the alleged debt that the Defendants sought to collect from him was a consumer debt, purportedly owed to Defendants B. SIMKOWITZ, I. SIMKOWITZ and I. B. SIMKOWITZ who are in the business of leasing residential real estate.

6. On information and belief, Defendant B. SIMKOWITZ is a natural person conducting business in the state of New York with his/her principal place of business at 42-25 21st Street, Long Island City, New York, NY 11101. Said Defendant caused Defendants GARY KAVULICH, Esq., GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. and RONALD MOSES, New York City Marshall to take the actions alleged herein.

7. On information and belief, Defendant I. SIMKOWITZ is a natural person conducting business in the state of New York with his/her principal place of business at 42-25 21st Street, Long Island City, New York, NY 11101. Said Defendant caused Defendants GARY KAVULICH, Esq., GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. and RONALD MOSES, New York City Marshall to take the actions alleged herein.

8. On information and belief, Defendant I. B. SIMKOWITZ is a natural person conducting business in the state of New York with his/her principal place of business at 42-25 21st Street, Long Island City, New York, NY 11101.  Said Defendant caused Defendants GARY KAVULICH, Esq., GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. and RONALD MOSES, New York City Marshall to take the actions alleged herein.

9. Defendant, GARY KAVULICH, Esq., is an attorney admitted to practice law in the state of New York and is "of counsel" to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. with his principal place of business as 813 Jericho Turnpike, New Hyde Park, NY 11040.  Said Defendant is regularly engaged in the business of collecting consumer debts in this state by, including, but not limited to, filing civil collection lawsuits on behalf of its clients.  Said Defendant is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and by the New York City Administrative Code § 20-489(a).

10. Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., is a professional corporation existing by virtue of and pursuant to the laws of the state of New York with its principal place of business at 813 Jericho Turnpike, New Hyde Park, NY 11040, and engaged in the practice of law.   Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. is regularly engaged in the business of collecting consumer debts in this state by, including, but not limited to, making telephone calls, sending collection letters and filing civil collection lawsuits on behalf of its clients.  Said Defendant is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and by the New York City Administrative Code § 20-489(a).

11. Defendant JOHN or JANE DOE as Trustee of the Simkowitz Trust B's real identity is unknown and is sued here by such fictitious name.  Plaintiff will amend this Complaint at the

time such Trustee's real identity becomes known. On information and belief, Defendant JOHN or JANE DOE as Trustee of the Simkowitz Trust B is trustee of a trustee existing by virtue of and pursuant to the laws of the state of New York. Defendant JOHN or JANE DOE as Trustee of the Simkowitz Trust B is conducting business in the state of New York with his/her principal place of business at 42-25 21st Street, Long Island City, New York, NY 11101. Said Defendant caused Defendants GARY KAVULICH, Esq., GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. and RONALD MOSES, New York City Marshall to take the actions alleged herein.

12. Defendant RONALD MOSES, is a New York City Marshall, maintains an office at 116 John Street, 15th Floor, New York, NY, 10038 and is named in his official capacity. Said Defendant is regularly engaged in the business of collecting consumer debts in this state by, including, but not limited to, filing civil collection lawsuits on behalf of its clients. Said Defendant is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and by the New York City Administrative Code § 20-489(a).

13. Defendants JOHN or JANE DOEs II through X's real identities are unknown and are sued here by such fictitious names. Plaintiff will amend this Complaint at the time such Defendants' real identities become known.

**FACTUAL ALLEGATIONS**

14. On or about March 1, 2001, on information and belief, Defendants B. SIMKOWITZ, I. SIMKOWITZ and I. B. SIMKOWITZ, through their attorneys, Defendants GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., commenced an action in New York Civil Court, County of the Bronx, captioned "B. Simkowitz, I Simkowitz and

(*sic*), Plaintiff(s) v. Muhamadou Ceesay, Defendant(s)" which was assigned Index No. 36020/01.

15. On or about May 16, 2001, in the Civil court action captioned and assigned an Index Number as stated in paragraph 14, above, Defendants B. SIMKOWITZ, I. SIMKOWITZ and I. B. SIMKOWITZ, through their attorneys, Defendants GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. obtained a default judgment against MUHAMADOU CEESEY, the Plaintiff in the within action.

16. The Civil Court case captioned "B. Simkowitz, I Simkowitz and (*sic*), Plaintiff(s) v. Muhamadou Ceesay, Defendant(s)" with Index No. 36020/01, referred to in paragraphs 14 and 15, inclusive, above, has never been amended to change the parties plaintiff nor in any other way. Furthermore, the Index Number for said case had never been changed.

17. On or about October 11, 2006, Defendants GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., wrongfully, knowingly, intentionally, maliciously and fraudulently issued and served process, to wit, a Restraint and Execution, which they captioned "Civil Court, County of Bronx, Simkowitz Trust B, Plaintiff, v. Muhamadou Ceesay, Defendant, Index No. 16020/01." In fact, no such case exists nor has any such case been assigned such Index Number in which Muhamadou Ceesay is a Civil Court Defendant, in Bronx County, NY.  Said Restraint and Execution was served on Citibank encumbering funds belonging to the Plaintiff herein, MUHAMADOU CEESAY.

18. On or about November 21, 2006, Plaintiff herein, MUHAMADOU CEESAY, through his attorney **RICHARD D LAMBORN**, Esq., in writing, informed Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. that there was no such Civil Court case and no such Index Number assigned to any case involving the Plaintiff herein, MUHAMADOU CEESAY, demanding

that the Restraint and Execution be lifted. Said Defendant failed to do so until December 21, 2006.

19. As a result Plaintiff herein, MUHAMADOU CEESAY, lost the use of his funds on deposit in Citibank.

20. On or about October 11, 2006, Defendants GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., intentionally, wrongfully, knowingly, maliciously and fraudulently issued and caused to be served process, to wit: an Income Execution, which they captioned "Civil Court, County of Bronx, Simkowitz Trust B, Plaintiff, v. Muhamadou Ceesay, Defendant, Court Index No. 16020/01." In fact, no such case exists nor has any such case been assigned such Index Number with Muhamadou Ceesay as defendant in Civil Court, Bronx County, NY. Said Income Execution was served on TGI Fridays, the employer of the Plaintiff herein, MUHAMADOU CEESAY. Said Income Execution was served by Defendant RONALD MOSES, New York City Marshall.

21. As the result of the actions of Defendants alleged in paragraphs 4 through 20, inclusive, above, Plaintiff MUHAMADOU CEESEY lost income and funds continued to be withheld from his paycheck until he lost employment with TGI Fridays in November, 2007.

22. On or about November 21, 2006, Plaintiff herein, MUHAMADOU CEESAY, through his attorney, **RICHARD D LAMBORN**, Esq., in writing, informed Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. that there was no such Civil Court case and no such Index Number assigned to any case with Muhamadou Ceesay as defendant in Civil Court, Bronx County, demanding that the Income Execution be lifted. Said Defendants failed to do so.

23. On or about November 22, 2006, Civil Court, Bronx County issued an Order to Show Cause, returnable December 12, 2006, why the default judgment in Index No. 36020/01 should not

be set aside.

24. By a So Ordered Stipulation, signed in court by Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., on December 12, 2007, the judgment in Civil Court, Bronx County, Index Number 36020/01 case was vacated. The So Ordered Stipulation specifically states that the Income Execution is withdrawn. Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. received a copy of the So Ordered Stipulation signed by the court in court on the same date.

25. Furthermore, a Notice of Entry of the So Ordered Stipulation was served on Defendants GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. on December 19, 2006.

26. Defendants, and each of them, had to have known that there was no underlying judgment to support an Income Execution for the following reasons. On the December 19, 2006, Plaintiff, MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq. wrote Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. to reminding them that a copy of the Complaint was needed so that a response could be made. On December 21, 2006, Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. wrote to Citibank releasing the Restraining Order on Plaintiff, MUHAMADOU CEESAY's Citibank account. On December 26, 2006, Plaintiff, MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq., sent reminder fax to Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. that a copy of the complaint was needed so that a response could be served. Again, on December 29, 2006, Plaintiff,

MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq., sent a reminder fax to Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. that a copy of the complaint was needed so that a response could be prepared. Finally, on December 29, 2007, Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. faxed to Plaintiff, MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq., a copy of the complaint. Having received a copy of the complaint, Plaintiff, MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq., served an Answer on Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. on January 2, 2007. Thereafter, on January 17, 2007, Plaintiff, MUHAMADOU CEESAY's attorney, **RICHARD D LAMBORN**, Esq., served a Demand for Production to which Defendant, GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C. responded on February 19, 2007.

27. As a result of the acts alleged above, Plaintiff, MUHAMADOU CEESAY, lost income, lost the use of his funds, suffered damage to his credit rating, incurred attorney's fees, suffered from anxiety, sleeplessness, as well as embarrassment.

### FIRST CAUSE OF ACTION
(FDCPA §§1692d, 1692e,1692f - Citibank Restraint and Execution)

28. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 27, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

Abuse and Harassment

A. Defendants, and each of them, in connection with an attempt to collect an alleged debt

8

engaged in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff herein [FDCPA §1692d].

False, Deceptive and Misleading

B.  Defendants, and each of them, in connection with an attempt to collect an alleged debt, used false, deceptive and/or misleading representations and/or means, including, but not limited to:

(1). made false representations as to the character and/or legal status of an alleged debt [FDCPA §1692e(2)(A)],

(2). made the representation or implication that nonpayment of an alleged debt would result in seizure, garnishment and/or attachment of Plaintiff's property [FDCPA §1692e(4)],

(3). threatened to take an action that cannot legally be taken [FDCPA §1692e(5)],

(4). communicated credit information which was known or which should have been known to be false [FDCPA §1692e(8)],

(5). used and/or distributed a written communication which simulated and/or falsely represented itself to be a document authorized, issued, and/or approved by a court and/or official which created a false impression as to it source, authorization and/or approval [FDCPA §1692e(9)],

(6). used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer [FDCPA §1692e(10)] and/or

(7). made a false representation or implication that documents were legal process [FDCPA §1692e(13)].

Unfair Practices

C.  Defendants, and each of them, used unfair and/or unconscionable means to collect or attempt to collect an alleged debt [FDCPA §1692f].

9

29. Defendants, and each of them, committed the violations complained of above by Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., attorneys for Defendants B. SIMKOWITZ, I. SIMKOWITZ, JOHN or JANE DOE as Trustee of the Simkowitz Trust B, and JOHN or JANE DOEs II through X, issuing an Income Execution in a non-existent case captioned "Civil Court, County of Bronx, Simkowitz Trust B v. Muhamadou Ceesay, Index No. 16020/01," having it served on Citibank and thus denying Plaintiff herein income, access to his funds in said bank, causing him to suffer damage to his credit rating, forcing him to incur attorney's fees, and causing him anxiety, sleeplessness, as well as embarrassment.

## SECOND CAUSE OF ACTION
(FDCPA §§1692d, 1692e, 1692f - TGIF Income Execution)

30. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 29, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

### Abuse and Harassment

A. Defendants, and each of them, in connection with an attempt to collect an alleged debt engaged in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff herein [FDCPA §1692d].

### False, Deceptive and Misleading

B. Defendants, and each of them, in connection with an attempt to collect an alleged debt, used false, deceptive and/or misleading representations and/or means, including, but not limited to:

(1). made false representations as to the character and/or legal status of an alleged

debt [FDCPA §1692e(2)(A)],

(2). made the representation or implication that nonpayment of an alleged debt would result in seizure, garnishment and/or attachment of Plaintiff's property [FDCPA §1692e(4)],

(3). threatened to take an action that cannot legally be taken [FDCPA §1692e(5)],

(4). communicated credit information which was known or which should have been known to be false [FDCPA §1692e(8)],

(5). used and/or distributed a written communication which simulated and/or falsely represented itself to be a document authorized, issued, and/or approved by a court and/or official which created a false impression as to it source, authorization and/or approval [FDCPA §1692e(9)],

(6). used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer [FDCPA §1692e(10)] and/or

(7). made a false representation or implication that documents were legal process [FDCPA §1692e(13)].

Unfair Practices

C. Defendants, and each of them, used unfair and/or unconscionable means to collect or attempt to collect an alleged debt [FDCPA §1692f].

31. Defendants, and each of them, committed the violations complained of above by Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., attorneys for Defendants B. SIMKOWITZ, I. SIMKOWITZ, JOHN or JANE DOE as Trustee of the Simkowitz Trust B, RONALD MOSES, New York City Marshall, and JOHN or JANE DOEs II through X, issuing a Restraint and Execution in a non-existent case captioned "Civil Court, County of Bronx, Simkowitz Trust B v. Muhamadou Ceesay, Index No.

16020/01," having it served TGIF, the employer of the Plaintiff, thus denying Plaintiff herein, income access to his funds, causing him to suffer damage to his credit rating, forcing him to incur attorney's fees, and causing him anxiety, sleeplessness, as well as embarrassment.

### THIRD CAUSE OF ACTION
(FDCPA §§1692d, 1692e, 1692f - Failure to Release TGIF Income Execution)

32. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 31, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

#### Abuse and Harassment

A. Defendants, and each of them, in connection with an attempt to collect an alleged debt engaged in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff herein [FDCPA §1692d].

#### False, Deceptive and Misleading

B. Defendants, and each of them, in connection with an attempt to collect an alleged debt, used false, deceptive and/or misleading representations and/or means, including, but not limited to:

(1). made false representations as to the character and/or legal status of an alleged debt [FDCPA §1692e(2)(A)],

(2). made the representation or implication that nonpayment of an alleged debt would result in seizure, garnishment and/or attachment of Plaintiff's property [FDCPA §1692e(4)],

(3). threatened to take an action that cannot legally be taken [FDCPA §1692e(5)],

(4). communicated credit information which was known or which should have been known to be false [FDCPA §1692e(8)],

(5). used and/or distributed a written communication which simulated and/or falsely represented itself to be a document authorized, issued, and/or approved by a court and/or official which created a false impression as to it source, authorization and/or approval [FDCPA §1692e(9)],

(6). used a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer [FDCPA §1692e(10)] and/or

(7). made a false representation or implication that documents were legal process [FDCPA §1692e(13)].

## Unfair Practices

C.  Defendants, and each of them, used unfair and/or unconscionable means to collect or attempt to collect an alleged debt [FDCPA §1692f].

33.  Defendants, and each of them, committed the violations complained of above by Defendant GARY KAVULICH, Esq., of counsel to Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P. C., attorneys for Defendants B. SIMKOWITZ, I. SIMKOWITZ, JOHN or JANE DOE as Trustee of the Simkowitz Trust B, RONALD MOSES, New York City Marshall, and JOHN or JANE DOEs II through X, by failing to release a Restraint and Execution in a non-existent case captioned "Civil Court, County of Bronx, Simkowitz Trust B v. Muhamadou Ceesay, Index No. 16020/01," served TGIF, the employer of the Plaintiff, thus denying Plaintiff herein, income, access to his funds, causing him to suffer damage to his credit rating, forcing him to incur attorney's fees, and causing him anxiety, sleeplessness, as well as embarrassment.

**FOURTH CAUSE OF ACTION**
(New York State General Business Law § 349)

34. Plaintiff realleges and incorporates herein by this reference each and every allegation

stated in paragraphs 1 to 33, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

35. Defendants, and each of them, violated New York's General Business Law § 349 by issuing, serving and failing to release a Restraint and Execution as well as and Income Execution in a non-existent case captioned "Civil Court, County of Bronx, Simkowitz Trust B v. Muhamadou Ceesay, Index No. 16020/01," denying Plaintiff herein, income, access to his funds, causing him to suffer damage to his credit rating, forcing him to incur attorney's fees, and causing him anxiety, sleeplessness, as well as embarrassment.

### FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

36. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 35, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

37. Defendants', and each of their, acts described herein constitute extreme and outrageous conduct in violation of normal standards of decency and were without justification.

38. Defendants, and each of them, knew or should have known that such extreme and outrageous conduct would cause severe emotional distress in Plaintiff.

39. By their actions, Defendants, and each of them, caused Plaintiff to suffer humiliation, mental anguish, and extreme mental and physical distress, for which he is entitled to relief.

### SIXTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

40. Plaintiff realleges and incorporates herein by this reference each and every allegation

stated in paragraphs 1 to 39, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

41. Defendants', and each of their, acts described herein constitute extreme and outrageous conduct in violation of normal standards of decency, and were without justification.

42. Defendants, and each of them, carelessly and negligently inflicted emotional distress on Plaintiff through a wanton and reckless campaign of harassment and intimidation.

43. Defendants, and each of them, caused Plaintiff to suffer humiliation, mental anguish, and extreme mental and physical distress, for which she is entitled to relief.

## SEVENTH CAUSE OF ACTION
Abuse of Process

44. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 43, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

45. Defendants, and each of them, used what purported to be regularly issued legal civil process, but was not, compelled Citibank and/or TGI Friday to detain funds belonging to Plaintiff herein.

46. Defendants, and each of them, acted with intent to do harm to Plaintiff herein without any justification.

47. Defendants, and each of them, did so seeking advantage over Plaintiff as well as to the determent to the Plaintiff herein outside of the legitimate ends of such process.

48. Plaintiff herein was denied income, access to his funds, causing him to suffer damage to his credit rating, forcing him to incur attorney's fees, and causing him anxiety, sleeplessness, as

well as embarrassment.

## EIGHTH CAUSE OF ACTION
(Negligence)

49. Plaintiff realleges and incorporates herein by this reference each and every allegation stated in paragraphs 1 to 48, inclusive, of Plaintiff's Complaint as if fully set forth in this Cause of Action.

50. Defendants, and each of them, owed Plaintiff ordinary or reasonable care to avoid injury to Plaintiff, and breached that duty of care.

51. Defendants' negligence was a cause of injury, damage, or loss to Plaintiff, for which he is entitled to relief.

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants and each of them for the following:

    a. A declaratory judgment that the conduct of Defendants, and each of them, violated the FDCPA;

    b. Injunctive relief;

    c. Actual damages;

    d. Statutory damages for each separate Cause of Action;

    e. Punitive damages;

    f. Costs and reasonable attorneys' fees;

    g. And any other relief that the Court deems appropriate and just under the circumstances.

## DEMAND FOR A JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

| | |
|---|---|
| **DATED:** Dec. 11, 2007<br>Bronx, NY | /s/ Richard D Lamborn<br>**RICHARD D LAMBORN**, Esq.<br>Attorney for Plaintiff<br>333 East 149th Street, 2nd Floor<br>Bronx, NY 10451<br>(917) 671-6217<br>(646) 349-3819 |